IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GARY BEGAY,

      Petitioner,

v.                                                          Civ. No. 18-1168 JCH/GBW
                                                           Crim. No. 15-1286 JCH/GBW

UNITED STATES OF AMERICA,

      Respondent.

## ORDER TO SHOW CAUSE

Before the Court is Gary Begay's motion to vacate his federal sentence under 28 U.S.C. § 2255. *CV doc. 1*. Begay challenges his conviction for assault resulting in serious bodily injury in violation of 18 U.S.C. §§ 1153 and 113(a)(6). *See CV doc. 1*; *CR docs. 2, 7*. He pled guilty to that charge in accordance with a plea agreement (*CR doc. 32*) executed on February 16, 2017. The plea agreement contemplated a sentence of up to ten years imprisonment. *See CR doc. 32 at 2.* The Court accepted the plea and sentenced Begay to nine years imprisonment. *See CR docs. 35, 47.* Final judgment (*CR doc. 47*) was entered on December 12, 2017, and Begay did not appeal. Begay filed the motion to vacate on December 11, 2018. He asserts counsel rendered ineffective assistance by: (a) failing to investigate his version of events, which demonstrates innocence; (b) failing to explain the consequences and import of the guilty plea; and (c) inducing Begay to waive his appellate rights. *See CV doc. 1 at 4.*

The instant allegations controvert Begay's sworn statements at the plea hearing, which reflect he was competent, content with counsel, and aware of all charges and consequences. *See CR doc. 35.* It is well established that a petitioner's "[s]olemn declarations in open court carry a strong presumption of veracity" and "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). Accordingly, the Tenth Circuit consistently "denie[s] relief under … § 2255 to petitioners alleging that their guilty pleas were the product of ineffective assistance when their plea colloquies demonstrated otherwise." *Holt v. Brace*, 418 F. App'x 697, 701 (10th Cir. 2011) (collecting Tenth Circuit cases). To contradict the sworn statements at a plea hearing, the § 2255 petition must include particularized factual averments "justifying departure from the[] apparent truth" of the earlier remarks. *U.S. v. Sanchez*, 105 F.3d 670 (10th Cir. 1997) (quoting *U.S. v. Bambulas*, 571 F.2d 525, 526 (10th Cir. 1978)). *See also U.S. v. Hutchinson*, --- F. App'x ---, 2018 WL 619679 (10th Cir. 2018) (dismissing an appeal where the petitioner "acknowledged … during the plea colloquy that his entry into the plea agreement was knowing and voluntary, and … has not presented any evidence to the contrary"). Begay has not explained how counsel misled him or why he admitted guilt if he was in fact innocent, nor has he alleged any specific facts that would undermine his sworn testimony at the plea hearing. The Court will therefore require Begay to show cause why the motion should not be dismissed under Habeas Corpus Rule 4 for failure to state a cognizable claim for relief. Because the

motion requests "an extension of 60 days to submit [a supporting] brief and memorandum," the show-cause deadline will be February 21, 2019.

**IT IS THEREFORE ORDERED** that, no later than **February 21, 2019**, Begay must file a response showing why his § 2255 habeas petition should not be dismissed for failure to state a cognizable claim for relief.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE