IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GARY BEGAY,

    Petitioner,

v.                                                    Civ. No. 18-1168 JCH/GBW
                                                    Crim. No. 15-1286 JCH/GBW

USA,

    Respondent.

## ORDER APPOINTING COUNSEL

THIS MATTER is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (*doc. 1*), and the Memorandum in Support thereof (*doc. 3*). Because the Court finds pursuant to § 2255(b) that an evidentiary hearing will be required, and Petitioner is currently proceeding *pro se*, the Court orders the appointment of counsel to represent Petitioner at the hearing.

Petitioner alleges in his Motion and Memorandum that he received ineffective assistance of counsel in entering his guilty plea because his attorney failed to explain the elements of the crime with which he was charged. *See doc. 3* at 7–8. An attorney's failure to explain the elements of the offense, particularly the intent element, may in some cases constitute ineffective assistance of counsel rendering the petitioner's guilty plea involuntary. *See Allen v. Mullin*, 368 F.3d 1220, 1241–42 (10th Cir. 2004). Whether Petitioner's attorney properly explained the elements of the crime is a question of fact that cannot be conclusively determined on the motion and records alone. *See* 28 U.S.C.

§ 2255(b) ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall…grant a prompt hearing thereon…"). Therefore, the Court finds that an evidentiary hearing is required on Petitioner's Sixth Amendment ineffective assistance claim.

Although there is generally no constitutional right to counsel in seeking post-conviction relief, "there is a right to counsel in a habeas case when the district court determines that an evidentiary hearing is required." *Swazo v. Wyo. Dept. of Corrs. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994) (citation omitted). Specifically, counsel must be appointed if the petitioner qualifies under 18 U.S.C. § 3006A as "financially unable to obtain adequate representation." *See* Rule 8(c) of the Rules Governing Section 2255 Proceedings; 18 U.S.C. § 3006A(a). In Petitioner's criminal case, he was appointed counsel pursuant to the Criminal Justice Act. *See crim. doc. 42*. The Court finds that this appointment constitutes a determination that Petitioner is financially unable to obtain representation within the meaning of § 3006A(a). Therefore, Petitioner has a right to Court-appointed counsel in the evidentiary hearing.

**IT IS THEREFORE ORDERED** that counsel shall be appointed, in accordance with § 3006A, for the purpose of representing Petitioner at the evidentiary hearing.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE